UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-141 |
| | ) | |
| JAMES LaPOINTE, | ) | (JORDAN/GUYTON) |
| | ) | |
| Defendant. | ) | **FILED UNDER SEAL** |

## MEMORANDUM AND ORDER

This matter is before the Court on the *Ex Parte* Joint Motion on Behalf of Defendant LaPointe [Doc. 181], which was filed under seal and was referred to the undersigned on April 9, 2010. In this motion, the Defendant asks that privately retained Attorney Ralph E. Harwell be allowed to associate with court-appointed counsel, Attorney Russell T. Greene, as his counsel of record. The Defendant asserts that Attorney Harwell has been retained by a third-party. Although this motion was filed *ex parte*, Attorney Harwell subsequently provided a courtesy copy of the motion to counsel for the Government. The Government then filed a sealed objection [Doc. 199] to the motion, contending that the Defendant's simultaneous representation by retained and court-appointed attorneys constitutes a waste of public funds reserved for the appointment of counsel under the Criminal Justice Act. The Government requested an expedited hearing on this issue. Attorney Harwell responded [Doc. 201] that case law permits the Defendant's representation by appointed and retained counsel under these circumstances and that a hearing is unnecessary. The Government replied [Doc. 203] that a hearing is necessary for the Government to examine a potential co-mingling of assets between the Defendant and the third party.

1

With the parties' positions thus set out, the Court held a sealed, *ex parte* hearing with the Defendant, Attorney Greene, and Attorney Harwell on May 24, 2010, to examine Defendant LaPointe's continuing eligibility for an appointed attorney, the nature of the financial arrangement between Mr. Harwell and the third party, and the possibility of any conflicts of interest between the Defendant and the third party. See, e.g., United States v. Zelenka, 112 F. Supp. 2d 708, 711 (M.D. Tenn. 1999) (holding an *ex parte* and *in camera* meeting with the defendant, appointed counsel, and retained counsel). The Government was not invited to participate in this hearing due to the confidential factual matters discussed. See 7 Guide to Judiciary Policy (hereinafter Guide), Ch. 2 Appointment and Payment of Counsel, §220.40.20(e). At the conclusion of the hearing, the Court took the matter under advisement.

## I. BACKGROUND

Defendant James LaPointe is charged in a Superseding Indictment [Doc. 209][1] with conspiracy to distribute and possess with intent to distribute oxycodone and marijuana from October 2008, to October 27, 2009 (Count 1) and with the possession of oxycodone with the intent to distribute on October 27, 2009 (Count 2). Count 1 contains forfeiture allegations, alleging that the Defendant is jointly and severally liable with his coconspirators for $1.25 million. The Defendant made his initial appearance in this case on October 27, 2009. At that time, the Court found [Doc. 15] that the Defendant qualified for the appointment of counsel under the Criminal Justice Act

---

[1]The Court notes that at the time the motion and related filings were filed, the Defendant was charged [Doc. 3], along with thirteen other named codefendants, with a single count of conspiracy to distribute oxycodone, methylenedioxymethamphetamine (MDMA or Ecstasy), and marijuana from September 2007 through October 20, 2009. The Defendant is scheduled to be arraigned on the new charges on May 27, 2010, at 2:00 p.m.

2

(CJA), appointed Attorney Russell T. Greene to represent the Defendant, and set conditions [Doc. 16] for the Defendant's pretrial release. The Defendant now asks that privately retained attorney Ralph E. Harwell be permitted to associate with Mr. Greene in his representation. This request appears to have been initially driven by Attorney Greene's time constraints, due to his involvement in a state capital murder trial. The Defendant's trial was subsequently continued [Doc. 180] to July 12, 2010. The Defendant still seeks permission for Attorney Harwell to participate along with Attorney Greene as his counsel of record.

## II. ANALYSIS

The Sixth Amendment to the United States Constitution grants criminal defendants the right to the assistance of counsel. U.S. Const. amend VI, cl. 6. This right requires that counsel be provided for indigent defendants in felony prosecutions: "[I]n our adversary system of criminal justice, any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him." Gideon v. Wainwright, 372 U.S. 335, 796 (1963); see also Wilson v. Mintzes, 761 F.2d 275, 278 (6th Cir. 1985). In 1964, Congress enacted the Criminal Justice Act (CJA), 18 U.S.C. 3006A, to effectuate this constitutional guarantee. See Fed. R. Crim. P. 44(b) (observing that "[f]ederal law and local court rules govern the procedure for implementing the right to counsel"); Self v. U.S., 574 F.2d 363, 366 (6th Cir. 1978), cert. denied, 439 U.S. 896 (1978) (stating that the purpose of the CJA is to provide adequate legal representation to defendants unable to retain counsel).

Under the CJA, the Court "shall appoint counsel" if it is "satisfied after appropriate inquiry that the person is financially unable to obtain counsel[.]" 18 U.S.C. 3006A(b). A defendant is deemed to be financially unable to obtain counsel if his or her "net financial resources and income

are insufficient to obtain qualified counsel." 7 Guide, Ch. 2, §210.40.30(a). In the present case, the Court must decide whether Defendant LaPointe is still "financially unable to obtain counsel," although a third party is willing to retain private counsel for him.

### A. Need for a Contested Hearing

The Government has requested an expedited hearing on whether the Defendant still qualifies for appointed counsel in light of the rapidly approaching July 12, 2010 trial date. It argues that a hearing is necessary for the Court to determine the nature and extent of the Defendant's relationship to the third party, who will retain Mr. Harwell. The Court finds that a contested hearing is not necessary because it understands the parties' positions and because it has made a factual inquiry into the Defendant's financial situation and relationship with the third party at an *ex parte* hearing on May 24, 2010.

The Government has the right to challenge the Defendant's continued representation by Mr. Greene while also represented by retained counsel: "The government always has the right, and indeed it is charged with the responsibility, of bringing to the Court's attention any possible misuse or waste of public funds." Zelenka, 112 F. Supp. 2d at 712. On the other hand, the Government may not explore the Defendant's financial situation in the context of a determination of his eligibility for court-appointed counsel under the CJA. United States attorneys "should not participate in the completion of the" defendant's financial affidavit or "seek to obtain information from a person requesting the appointment of counsel concerning the person's eligibility." 7 Guide, Ch. 2, §220.40.20(e). Although a prosecutor may present information relating to a defendant's eligibility to the Court, "the judicial inquiry into financial eligibility shall not be utilized as a forum to discover whether the person has assets subject to forfeiture . . ., or for other purposes not related

4

to the appointment of counsel." Id. at §220.40.20(g).

Although the initial appointment of counsel has already occurred in this case, the present issue involves a inquiry into whether the Defendant remains eligible for appointed counsel. Accordingly, and particularly in light of the forfeiture allegations pending against the Defendant, the Court finds that the examination of the Defendant's financial situation was properly conducted *ex parte*. The Court deems that a contested hearing is unnecessary in this case.

### B. Dual Representation

In the present case, the Court found that Defendant LaPointe was "financially unable to obtain counsel" and appointed Attorney Greene. The Defendant now seeks to associate Attorney Harwell, who has been retained by a third party, and to be represented by both Mr. Greene and Mr. Harwell. The Government argues that the Defendant is no longer eligible for court-appointed counsel because he has a source that is ready and willing to pay for Mr. Harwell to represent him at trial. At the May 24 hearing, the Court confirmed that the Defendant's personal financial situation had not changed from the time that it first appointed Mr. Greene. Moreover, the Court is satisfied in the wake of that hearing that none of the Defendant's assets are co-mingled with that of the third party, as suggested by the Government. Thus, the question before the Court is whether the funds of the third party seeking to retain Mr. Harwell on the Defendant's behalf are somehow imputed to the Defendant, thereby disqualifying him for appointed counsel.

The Court begins by observing that the Guide to Judiciary Policy expressly permits the Court to consider the resources of a defendant's family, if his or her family is willing to pay for the defendant's representation:

> The initial determination of eligibility should be made without regard to the financial ability of the person's family unless the family indicates willingness and financial ability to retain counsel promptly. At or following the appointment of counsel, the judicial officer may inquire into the financial situation of the person's spouse (or parents, if the person is a juvenile) and if such spouse or parents indicate their willingness to pay all or part of the costs of counsel, the judicial officer may direct deposit or reimbursement.

7 Guide, Ch. 2, §210.40.50. The question of whether a defendant could be simultaneously represented by appointed counsel when his family had retained counsel was addressed in this district in United States v. Robert Bennett, No. 3:07-CR-81, 2008 WL 365529 (E.D. Tenn. Jan. 30, 2008) (Shirley, U.S.M.J.). In Bennett, the Court found that the defendant was no longer eligible for appointed counsel because his family was willing to pay for appointed counsel and the defendant was satisfied with appointed counsel. Id. at *4.

Defendant LaPointe's situation is distinct from that in Bennett because Mr. Harwell would be retained by a third party unrelated to the Defendant. In United States v. Zelenka, the Middle District of Tennessee faced this same question, which it found to be a novel question of law. 112 F. Supp. 2d at 713 & n.6. After surveying federal and state case law on the appointment of counsel, the court concluded that the "subsequent retainment of private counsel by a third party with assets to which a defendant does not have access, claim, or control does not render the defendant financially able to obtain counsel within the meaning of 18 U.S.C. § 3006A(b)." Id. The Court observed that should the third party, who was not legally obligated to assist the defendant, decide to withdraw funding, the defendant had no legal means to compel the assistance to continue. Id. at 716. Moreover, the court found that the defendant had not shifted assets to a third party in an attempt to qualify for appointed counsel. Id. at 714. Finally, the court determined that even if the defendant were now "financially able" to retain counsel, the removal of his appointed counsel would

6

no longer be in the interests of justice, finding that the defendant would suffer "considerable prejudice" if the third party withdrew funds forcing the Court to re-appoint counsel on the eve of trial in a complex case. Id. at 717. Although the government argued that the dual representation would result in the misuse of public funds, the court found that the retained counsel would relieve the appointed counsel of performing some functions that he would have to perform at the public's expense if he alone were representing the defendant. Id.

The Court finds the issue in the present case to be identical to that in Zelenka. Based upon the information gained at the May 24 hearing, the Court finds that Defendant LaPointe has no access, claim, or control over the funds that would be used to retain Mr. Harwell. If the third party decides to withdraw funding at any point, Mr. Harwell could determine that he was financially unable to continue with the representation, and the Defendant would be left without counsel as his trial approaches. The Defendant would have no control over this situation and no means to require the third party to continue to fund Mr. Harwell. Additionally, the Court notes that this case has been deemed [Doc. 116] complex for speedy trial purposes due to the number of defendants involved, the voluminous discovery, and the fact that the alleged crimes occurred in multiple districts. Reappointment of Mr. Greene at some future time close to trial might require yet another trial continuance if the Court removes him from the case at this juncture. Accordingly, the Court finds that the funds of the third party that will be used to pay Mr. Harwell are not imputed to the Defendant and, thus, the Defendant remains eligible for court-appointed counsel.

## III. CONCLUSION

The Court finds that the retainment of counsel by a third party does not affect the Defendant's eligibility for appointed counsel in this case. The Defendant's sealed motion [**Doc. 181**] to permit retained counsel to join court-appointed counsel as counsel of record is **GRANTED** over the objection [Doc. 199] of the Government.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge