IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


UNITED STATES OF AMERICA          )
                                  )
v.                                )          No.  3:09-CR-141
                                  )
JAMES LaPOINTE                    )

## MEMORANDUM AND ORDER

This criminal case is before the court on the "Post-Trial Motion for Judgment of Acquittal or New Trial" [doc. 345] filed by defendant James LaPointe ("the defendant"). The government has responded in opposition [doc. 366] to the motion, and the defendant has submitted a reply [doc. 379].  For the reasons that follow, the defendant's motion will be denied.

I.

*Background*

The initial indictment in this fourteen-defendant case charged, in material part, a conspiracy to distribute and to possess with intent to distribute oxycodone and other drugs. The 13 codefendants entered guilty pleas.  In May 2010, a two-count superseding indictment was returned against the defendant.  Count one charged a conspiracy to distribute and to possess with intent to distribute oxycodone and marijuana.  Count two charged attempted possession of oxycodone with the intent to distribute.

The defendant proceeded to trial, testifying on his own behalf. The government presented witnesses including three codefendants, along with evidence including numerous wiretap recordings. Among the jury instructions proposed by the defendant were requests for a lesser-included offense instruction as to each count. Specifically, the defendant asked that the jury be charged on the lesser-included offenses of conspiracy to possess (count one) and attempted possession (count two). The court granted the defendant's request on count two but denied the request on count one. The jury returned a guilty verdict on both counts as charged in the superseding indictment.

## II.

### *Analysis*

The instant motion is brought under Rules 29 and 33 of the Federal Rules of Criminal Procedure. The defendant argues that the evidence presented at trial was insufficient to sustain a conviction. In addition, he contends that the court erred in not giving the requested lesser-included offense instruction on count one.

### A. Rule 29

A Rule 29(c) motion for judgment of acquittal challenges the sufficiency of the evidence. *See* Fed. R. Crim. P. 29(a), (c). When reviewing a sufficiency of the evidence claim, the court "must decide whether, after viewing the evidence in a light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Gardner*, 488 F.3d 700, 710 (6th Cir.

2007). The court does not weigh the evidence, consider witness credibility, or substitute its judgment for that of the jury. *United States v. Chavis*, 296 F.3d 450, 455 (6th Cir. 2002). "A defendant making such a challenge bears a very heavy burden." *United States v. Tocco*, 200 F.3d 401, 424 (6th Cir. 2000).

As noted, count one of the superceding indictment charged that the defendant was part of a conspiracy to distribute and to possess with intent to distribute oxycodone and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. The government had the burden at trial of proving beyond a reasonable doubt: (1) an agreement to violate the drug laws; (2) knowledge of, and intent to join, the conspiracy; and (3) participation in the conspiracy. *Gardner*, 488 F.3d at 710. A rational jury could easily have found all three elements satisfied by the proof presented at trial.

As for the first element, DEA Special Agent Bethel Poston, the lead agent on the case, testified as to the overall nature of the conspiracy. In addition, codefendants Dustin Wallace, Lance Barabas, and William Kaman each testified regarding the existence and operation of the conspiracy. Collectively, these witnesses testified that Barabas shipped numerous packages containing oxycodone to Wallace, who would in turn deal the pills to coconspirators including the defendant for further distribution.

Evidence was also presented regarding the second and third elements - the defendant's knowledge of, intent to join, and participation in the conspiracy. Numerous wiretap recordings showed the defendant seeking drugs from Wallace. In several of those

calls, the defendant stated that he was obtaining the drugs to distribute to other people. The recordings indicated the defendant's awareness of the method through which Wallace received and paid for oxycodone. The recordings also showed the defendant offering drugs for sale to Wallace, negotiating a purchase for another person to pick up, transporting drugs between Kamen and Wallace, and agreeing to accept delivery of a box of pills on Wallace's behalf. These calls were corroborated and further explained by the testifying codefendants.

Conversely, the defendant testified that he was in fact lying whenever he spoke of distributing drugs to another person. He explained that this was a ruse to ensure that he could continue obtaining oxycodone from Wallace for his own consumption. The jurors clearly did not believe that explanation, and that credibility determination cannot be considered by this court on Rule 29 review. As summarized above, the evidence presented by the government was sufficient for a rational jury to find the essential elements of conspiracy beyond a reasonable doubt. The defendant's Rule 29 request as to count one will therefore be denied.

Count two of the superseding indictment charged attempted possession of oxycodone with the intent to distribute. In order to prove the attempted commission of a drug offense, the government must establish beyond a reasonable doubt: (1) the intent to engage in the prohibited activity; and (2) the commission of an overt act constituting a substantial step towards the commission of the prohibited activity. *United States v. Pennyman*, 889 F.2d 104, 106 (6th Cir. 1989). A substantial step is "conduct strongly

corroborative of the firmness of the defendant's criminal intent," and discussions or negotiations can constitute a substantial step. *United States v. Bilderbeck*, 163 F.3d 971, 975-76 (6th Cir. 1999) (citation omitted).

Multiple wiretap recordings of conversations between the defendant and Wallace were played at trial evidencing the defendant's agreement to accept delivery (at his business address which he confirmed to Wallace more than once) of a box of oxycodone pills on Wallace's behalf which the defendant then intended to distribute to Wallace. For example, in one conversation the defendant stated, "I'll be there, and I'll be the only one there and pick it up." [Doc. 297, p. 109]. The defendant testified that he knew the box would contain oxycodones.

In light of this evidence, a rational jury could certainly conclude that the defendant had the intent to possess oxycodone for distribution to Wallace. A rational jury could further conclude that the defendant's active agreement to accept delivery (including the repeated confirming of his business address and the statement "I'll be there . . . and pick it up") constituted a substantial step toward possession with intent to distribute. *See Bilderbeck*, 163 F.3d at 975-76. The defendant's Rule 29 request as to count two will therefore be denied.[1]

---

[1] The defendant did not actually take possession of the package because he was arrested on the morning of the scheduled delivery, and the box was instead intercepted by law enforcement officers. Nonetheless, "in the absence of police intervention, the defendant would have consummated the substantive crime." *Bilderbeck*, 163 F.3d at 976 (citation and quotation omitted).

## B. <u>Rule 33 - Manifest Weight of the Evidence</u>

Federal Rule of Criminal Procedure 33(a) provides, "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." A motion for a new trial under Rule 33(a) "may be premised upon the argument that the jury's verdict was against the manifest weight of the evidence. Generally, such motions are granted only in the extraordinary circumstance where the evidence preponderates heavily against the verdict." *United States v. Hughes*, 505 F.3d 578, 592-93 (6th Cir. 2007) (citation and quotation omitted). Unlike Rule 29 review, the court in deciding a Rule 33 motion assesses witness credibility and the weight of the evidence. *Id.* at 593.

The undersigned heard the evidence at trial and observed the witnesses first-hand. The jury's decision in this case was not against the manifest weight of the evidence. This is not "the extraordinary circumstance where the evidence preponderates heavily against the verdict." The defendant's Rule 33(a) weight of the evidence request will be denied.

## C. <u>Rule 33 - Substantial Legal Error</u>

Rule 33(a)'s "interest of justice" standard also permits the granting of a new trial where substantial legal error has occurred. *See United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010). The defendant contends that it was substantial legal error for the court not to instruct the jury on a lesser-included offense on count one.

6

A criminal defendant is entitled to a lesser-included offense instruction if:

1. A proper request is made;

2. The elements of the lesser offense are identical to part of the elements of the greater offense;

3. The evidence would support a conviction on the lesser offense; and

4. The proof on the element or elements differentiating the two crimes is sufficiently disputed so that a jury could consistently acquit on the greater offense and convict on the lesser.

*United States v. Colon*, 268 F.3d 367, 373 (6th Cir. 2001). A lesser-included offense must be "an offense *necessarily included* in the offense charged." Fed. R. Crim. P. 31(c)(1) (emphasis added).

As noted above, count one of the superseding indictment charged the defendant with conspiracy to distribute *and* conspiracy to possess with intent to distribute. The defendant requested a lesser-included offense charge which read in material part,

(1) If you find the defendant not guilty of *conspiracy to possess* oxycodone and marijuana with the intent to distribute, or if after making every reasonable effort to reach a unanimous verdict on that charge you find that you cannot agree, then you must go on to consider whether the government has proved the lesser charge of conspiracy to possess oxycodone and marijuana.

(2) The difference between these two crimes is that to convict the defendant of the lesser charge of conspiracy to possess, the government does not have to prove that the defendant conspired to possess a controlled substance with the specific intent to distribute it. This is an element of the greater charge, but not the lesser charge.

7

[Doc. 247, p.8] (emphasis added).

The defendant's proposed instruction ignored the fact that he was charged under count one both with conspiracy to distribute and with conspiracy to possess with intent to distribute. An offense can be charged conjunctively and proven disjunctively. *See United States v. McAuliffe*, 490 F.3d 526, 534 (6th Cir. 2007). Conspiracy to possess (the defendant's requested instruction) is not a necessary element of conspiracy to distribute (one of the crimes with which the defendant was charged in count one). *Cf. Colon*, 268 F.3d at 377 ("simple possession is not a lesser-included offense of distribution").

Possession is not a necessary element of the crime of distribution. *Id.* at 376. "Where . . . the lesser offense requires an element not required for the greater offense, no instruction is to be given." *Id.* at 374. Further, in a prior case where the appellant was charged with *conspiracy to distribute*, the Sixth Circuit held,

> The Government correctly asserted that the jury would have to acquit Rayfield if it found him guilty of conspiracy to possess . . . because the elements required for distribution are different from possession. It would have been plain error for the district court to alter the grand jury's charge and instruct the jury with the *conspiracy to possess* . . . offense.

*United States v. Fonseca*, 193 F. App'x 483, 489, 493 (6th Cir. 2006) (emphasis added).

The primary authority cited by the defendant, *United States v. Boidi*, 568 F.3d 24 (1st Cir. 2009), is not on point. The *Boidi* panel held that conspiracy to possess is a lesser included offense of conspiracy to possess with intent to distribute. *Id.* at 29. However,

Boidi was not also conjunctively charged with conspiracy to distribute. *Id.* at 26. *Boidi* thus does not address the issue before this court.

Lastly, the court notes the defendant's argument that conspiracy to possess should be viewed as a lesser-included offense of conspiracy to distribute because,

> A drug-ring cannot agree to distribute drugs without someone in the ring agreeing, at some point, to touch the drugs. Distribution requires that someone, somewhere, have (or intend to have) actual possession. It might not be the defendant, but a drug ring where no one ever intended to access drugs would not be a drug ring at all. Therefore, there is no part of the lesser-included [sic] of conspiracy to possess that would not be covered by the greater offense of conspiracy to distribute . . . .

[Doc. 346, p.9-10]. By this argument, the defendant is in essence invoking the "inherent relationship" test.[2] That test has been expressly shot down by the Supreme Court, *see Schmuck*, 489 U.S. at 716-19; *Colon*, 268 F.3d at 376, and will not be revived here.

In sum, the court finds no substantial legal error in its refusal to employ the defendant's requested lesser-included offense charge. Conspiracy to possess is not a necessary element of conspiracy to distribute. The relief requested by the defendant will be denied.

---

[2] Under the inherent relationship test, a defendant was thought to be entitled to a lesser included offense instruction where there is "an 'inherent' relationship between the greater and lesser offenses, *i.e.*, they must relate to the protection of the same interests, and must be so related that in the general nature of these crimes, though not necessarily invariably, proof of the lesser offense is necessarily presented as part of the showing of the commission of the greater offense." *Schmuck v. United States*, 489 U.S. 705, 716 (1989) (quoting *United States v. Whitaker*, 447 F.2d 314, 319 (D.C. Cir. 1971)).

III.

*Conclusion*

For the reasons provided herein, the defendant's "Post-Trial Motion for Judgment of Acquittal or New Trial" [doc. 345] is **DENIED**.

**IT IS SO ORDERED.**


ENTER:


_____s/ Leon Jordan_____
United States District Judge